**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

CASE NO.: 4:21-CV-10118-JLK

CHALZEAH LIRIO,

    Plaintiff,

vs.

SHANER OPERATING CORP.,
a Foreign Profit Corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

THIS MATTER is before the Court upon Defendant's Motion to Dismiss (DE 3) (the "Motion"), filed December 3, 2022. The Court has also considered Plaintiff's Response (DE 6), filed December 17, 2022. Defendant did not file a Reply and the time to do so has passed. Upon careful consideration of the pleadings and the record, the Motion is granted for the reasons stated herein.

**I.    BACKGROUND**

On September 30, 2021, Plaintiff filed the Complaint (DE 1-2) in state court. On December 2, 2021, Defendant filed its Notice of Removal alleging diversity jurisdiction. Plaintiff brings this lawsuit against her former employer, alleging three separate claims for violations of the Florida Civil Rights Act ("FCRA"). The Complaint alleges Sex Discrimination (Count I), Pregnancy Discrimination (Count II), and Retaliation (Count III). Defendant now moves to dismiss the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court must accept the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.    DISCUSSION

In its Motion, Defendant argues that Plaintiff's claims for sex discrimination (Count I) and pregnancy discrimination (Count II) should be dismissed for failing to allege sufficient factual basis for these claims. *See* Mot. at 3. Specifically, Defendant argues that the Complaint does not plead "enough factual matter (taken as true) to suggest intentional . . . discrimination." *Id.* (citations omitted).

In response, Plaintiff argues that the Complaint need only allege "minimal support" for the inference that the adverse action was motivated in part by her pregnancy. *See* Resp. at 5 (citation omitted). Plaintiff further argues that the Complaint states sufficient facts to put Defendant on notice that she was discriminated and retaliated against for disclosing her pregnancy. *Id.* at 7.

The Complaint's "Factual Allegations" section is just four paragraphs total:

10.   Plaintiff is a woman within in the class of protected individuals under the FCRA.
11.   Plaintiff started working for Defendant as a server in Key Largo on or about January 28, 2019.

> 12. Plaintiff notified the HR Department of Defendant that she was pregnant. Subsequently, Plaintiff had her hours reduced.
> 13. Plaintiff was terminated when she was five months pregnant.

Compl. ¶¶ 10–13. Based on these facts, Plaintiff concludes that she was discriminated against. *E.g.,* Compl. ¶ 16 ("By the conduct described above, Defendant[] has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based animosity."). The Complaint further references "employees exhibiting discriminatory conduct towards Plaintiff" (Compl. ¶¶ 19, 30) without alleging the conduct exhibited by these unidentified employees.

In support of its Motion, Defendant cites to a pregnancy discrimination case, *Segovia v. Hollister Co.*, 2017 WL 9324775 (S.D. Fla. June 16, 2017). In *Segovia*, the complaint alleged only that the plaintiff informed defendant she was pregnant in March 2014, that the plaintiff then started receiving warnings of her job performance, and was terminated on July 12, 2014, six months after the plaintiff announced her pregnancy. *Id.* at *1. The plaintiff's assertions that that she was terminated "on account of her pregnancy and sex" and that "Defendant's conduct in terminating [her] was willful and intentional" were, according to Judge Moreno, merely "conclusory statements lacking factual support." *Id.* at *3. The complaint was dismissed without prejudice. *Id.*

Here, Plaintiff's factual allegations are almost identical to the allegations in *Segovia*. Plaintiff's assertions that Defendant willfully and intentionally discriminated against Plaintiff are conclusory, lacking factual support. Even taking all of Plaintiff's allegations as true, the Complaint does not state a claim for discrimination, and Counts I and II are dismissed without prejudice.

Defendant also seeks to dismiss Plaintiff's claim for retaliation (Count III). To state a claim for retaliation a plaintiff must allege (1) she engaged in statutorily protected activity; (2) she

suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Little v. CRSA, Inc.*, 834 F. App'x 495, 499 (11th Cir. 2020).

Defendant argues that the Complaint does not allege a statutorily protected activity and does not allege a causal connection between a protected activity and any adverse action. *See* Mot. at 5. In Response, Plaintiff points out that temporal proximity between disclosing a pregnancy and the adverse actions can support a claim for retaliation or discrimination. *See* Resp. at 5–6.

Where a complaint does not detail when the alleged protected activity occurred in relation to the termination, it does not permit an inference of causation based on temporal proximity. *See Jones v. Unity Behavioral Health, LLC*, 2021 WL 5495578, at *3 (11th Cir. 2021) (citing *Thomas v. Cooper Lighting, Inc.*, 506 F. 3d 1361, 1364 (11th Cir. 2007)). Additionally, such inferences require the timing to be "'very close,' typically along the lines of three months or less." *See Lawson v. City of Pleasant Grove*, 2016 WL 2338560, at *14 (N.D. Ala. Feb. 16, 2016) (citations omitted).

Plaintiff has not alleged when the protected activity occurred or when she suffered adverse actions. While the Complaint states that Plaintiff was terminated at five months pregnant (Compl. ¶ 13), it does not detail when Plaintiff disclosed her pregnancy, when she had her hours reduced, or when she terminated. Therefore, she is not entitled to an inference of causation based on temporal proximity. Because Plaintiff has not sufficiently alleged a causal connection for a retaliation claim, Count III is dismissed.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that
1. Defendant's Motion to Dismiss **(DE 3)** be, and the same is, hereby **GRANTED**, and
2. Plaintiff's Complaint **(DE 1-2)** be, and the same is, hereby **DISMISSED without prejudice**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida dated this 2nd of February, 2022.

                                                                                 _____
                                                                                 HONORABLE JAMES LAWRENCE KING
                                                                                 UNITED STATES DISTRICT JUDGE

**cc:**     **All Counsel of Record**
          **Magistrate Judge Jacqueline Becerra**